SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6800 PA (JCx) | Date | December 17, 2008 |
|---|---|---|---|
| Title | Fidelity Nat'l Fin., Inc., et al. v. Nat'l Union Fire Ins., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—COURT ORDER

The Court has reviewed the Joint Scheduling Report and Supplemental Joint Scheduling Report submitted by the parties. Plaintiffs Fidelity National Financial, Inc., Chicago Title Insurance Company, and Chicago Title Company ("Plaintiffs") seek coverage under Financial Institution Bond and Commercial Crime Policy for Financial Institutions insurance policies ("the Policies") issued by defendants National Union Fire Insurance Company of Pittsburgh, PA, ACE American Insurance Company, Federal insurance Company, Great American Insurance Company, and St. Paul Fire and Marine Insurance Company ("Defendants"). Specifically, Plaintiffs seek coverage for a series of claims arising out of allegedly fraudulent real estate transactions at a real estate development in San Diego, California.

Section 1391(a) provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Plaintiffs filed this action in Los Angeles Superior Court. Defendants then filed their Notice of Removal asserting this Court's diversity jurisdiction. In the Complaint, the only facts alleged in support of venue in Los Angeles were that each party conducts business within Los Angeles County. As the parties disclosed in their Supplemental Joint Scheduling Report, however, this action relates to more than a dozen underlying lawsuits filed in San Diego Superior Court and at least two of the individuals allegedly involved in the fraudulent real estate transactions are defendants in a criminal case pending in the United States District Court for the Southern District of California.

The Court therefore orders Plaintiffs to show cause in writing by December 29, 2008, why this action should not be transferred to a more convenient forum, such as the Southern District of California. See 28 U.S.C. § 1404(a). All factual matters relied upon must be supported by appropriate declarations

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6800 PA (JCx) | Date | December 17, 2008 |
|---|---|---|---|
| Title | Fidelity Nat'l Fin., Inc., et al. v. Nat'l Union Fire Ins., et al. | | |

under penalty of perjury and/or other admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiffs are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Southern District of California, and whether venue is appropriate in the Southern District of California;

2. What contacts, if any, each of the parties has to the Central District of California and the Southern District of California. The parties should include information regarding where they conduct their businesses, including: the location of their physical property, points of public contact, and percentage of income derived from each District;

3. What connection Plaintiffs' claims have to the Central District of California and the Southern District of California;

4. Which witnesses are expected to be called, where do they reside, and what are they expected to testify to;

5. The locations from which Plaintiffs' employees who were involved in the allegedly fraudulent real estate transactions worked and where those employees reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Southern District of California;

7. The ease of access to sources of proof in each of the potential forums;

8. The expected difference in the cost of litigation in each of the potential forums;

9. Whether there are any alternative forums, other than the Central District of California and the Southern District of California that would be more convenient for this action and why, keeping in mind the inquiries above;

Defendants may file a response no later than January 12, 2009. The Scheduling Conference, currently calendared for December 22, 2008, is continued to January 26, 2009 at 10:30 a.m.

IT IS SO ORDERED.